IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES RASH, JR., #305-246 *
Petitioner
*
v. CIVIL ACTION NO. RDB-06-1400
*
NANCY ROUSE, et al.,
Respondents *
******

**MEMORANDUM OPINION**

On June 2, 2006, Petitioner Charles Rash, Jr. filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for armed robbery entered against him in 2001 by the Circuit Court for Washington County. (Paper No. 1). On July 19, 2006, Respondents filed an Answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. (Paper No. 5). Pursuant to this Court's Order of August 22, 2006, Petitioner was granted twenty days to reply to the Answer stating that his Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. (Paper No. 6). Petitioner has not filed a response.

Petitioner entered a guilty plea to the charge of armed robbery on October 2, 2001, in the Circuit Court for Washington County. On November 6, 2001, he was sentenced to twenty years incarceration, with all but eight years suspended. (Paper No. 4, Ex. 1). Petitioner did not seek leave to appeal within the thirty days permitted under Maryland law. *See* Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) and Md. Rule 8-204. On December 19, 2002, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. The petition was denied and dismissed on December 6, 2004. Id., Exs. 1 and 3. Petitioner did not seek leave to appeal this decision. On

September 21, 2005, Petitioner's filed to re-open his post-conviction proceedings. The motion was denied on October 12, 2005.[1] *Id*.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") into law. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. § 2244(d).[2] This one-year period is, however, tolled while properly filed post-conviction proceedings

[1]Thereafter Petitioner filed a Petition for Habeas Corpus relief in the Circuit Court for Washington County. *Id*., Ex. 2. The habeas proceeding was instituted on October 21, 2005, and denied by the Circuit Court on February 8, 2005. *Id.* Petitioner's Application for Leave to Appeal was dismissed by the Maryland Court of Special Appeals on March 30, 2006. *Id*., Exs. 2 and 4. For the reasons that follow, even if this period could serve to toll the running of the limitations period, it would not benefit Petitioner as his limitations period had expired prior to the institution of state habeas proceedings.

[2]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions became final on December 6, 2001. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-204. Between December 7, 2001, and December 18, 2002, Petitioner had no post-conviction or other proceedings pending which would have served to toll the one-year limitation period.[3] *See* 28 U.S.C. § 2244(d)(2). Petitioner has offered no arguments in favor of equitable tolling of the limitations period; rather, he simply claims that Respondents are incorrect in arguing that the instant Petition is time-barred. (Paper No. 5). Accordingly, a separate Order will be entered denying the Petition as time barred under 28 U.S.C. § 2244(d).

September 27, 2006
Date

/s/
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

[3]Likewise, Petitioner had no proceedings pending which would have tolled the limitations period from the expiration of his time to file an application for leave to appeal the denial of his post-conviction petition on January 5, 2005, and the filing of his motion to re-open post-conviction proceedings docketed on September 21, 2005.